# United States Court of Appeals

## For the First Circuit

No. 06-2480

SHANK/BALFOUR BEATTY, a Joint Venture of
M. L. Shank, Co., Inc. and Balfour Beatty Construction, Inc.,

Plaintiff, Appellant,

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS
LOCAL 99, a/k/a IBEW LOCAL 99,

Defendant, Appellee.

**ERRATA SHEET**

The opinion of this Court issued on August 6, 2007 is amended as follows:

Delete the text of footnote 4 on page 15 in its entirety and replace it with the following:

Shank/BB correctly argues that an affirmative claim for work need not be explicit and that the actual performance of the work by union-represented employees may be sufficient. Performance of the work might in some instances be "evidence" of a claim on the work that creates a jurisdictional dispute. See, e.g., Int'l Longshoremen's & Warehousemen's Union, Local 62-B v. N.L.R.B. (Alaska Timber), 781 F.2d 919, 924-26 (D.C. Cir. 1986); Int'l Longshoremen's & Warehousemen's Union, Local 14 (Sierra Pacific), 314 N.L.R.B. 834, 936 (1994), aff'd 85 F.3d 646, 651-53 (D.C. Cir. 1996). It is not clear that these cases help the company, which assigned the "electrical" work to other unions willing to do it. The real dispute is still between Shank/BB and the electrical union. And the NLRB precedent, which only plays the role of background context for contract construction, involves NLRA jurisdictional disputes, which by statute are resolved by a third party, and not one of the disputing participants. See 29 U.S.C. § 158(b)(4)(D); id. § 160(k).

Page 11, line 16: insert apostrophe after "laborers"

Page 16, line 19: insert "operating" before "engineers'"